RICHARDSON, COMR., V. STATE OF OHIO, FOR THE USE, ETC.

1. FEES TO COMMISSIONERS IN MORROW COUNTY.

Under sec. 897, Rev. Stat., each county commissioner of Morrow county shall be allowed three dollars for each day that he is employed in his official duties, and five cents per mile for his necessary travel, for each regular or called session, not exceeding one session each month, or twelve in any one year. and five cents per mile when traveling within said county on official business, to be paid out of the county treasury on the warrant of the county auditor; and for his services, when necessarily engaged in attending to the business of the county pertaining to his office under the direction of the board, and when necessary to travel on official business *out* of said county, shall be allowed, in addition to his compensation and mileage as aforesaid, any other reasonable and necessary expenses actually paid in the discharge of his official duty.

2. MATTERS INCLUDED IN LAST PROVISION.

The provision in said section in relation to "any other reasonable and necessary expenses actually paid in the discharge of official duties," might, for example, include a bill for drayage, for manual labor or for legal advice, necessarily incurred in the discharge of official duties.

3. NOT ENTITLED TO CERTAIN PERSONAL EXPENSES.

Such commissioners are not entitled to pay out of the county treasury for personal expenses, as board, lodging, horse feed and other like expenses, incurred while employed in official duties within the county, or when attending to official business out of the county.

4. LIMITATION AS TO FEES.

The amount which such commissioners are entitled to receive out of the county treasury, for necessary expenses actually paid in the discharge of official duties under said section, includes only such expenses as are necessary in the discharge of such duties.    Board, lodging and other like personal expenses that may be incurred while in the performance of such duties are not to be included, and such expenses cannot be allowed under said section.

5. FEES CANNOT BE ALLOWED UPON IMPLICATION.

To warrant the payment of fees or compensation to a public officer, out of the county treasury, it must appear that such payment is authorized by statute. Fees cannot be allowed upon an implication, or upon an equitable construction of the statute.

ERROR to the Court of Common Pleas of Morrow county.

VOORHEES, J.

Plaintiff prosecutes error to this court from a finding and judgment for the common pleas court, rendered at its April term, 1899.

Richardson v. State.

The plaintiff in error, as a commissioner of said county, contends that under sec. 897, Rev. Stat., he is entitled, in addition to the there dollars a day, and five cents per mile for his necessary travel, to be allowed his necessary expenses, actually paid, such as board, horse feed and other like incidental expenses, incurred while employed in his official duties within his county; and for his services, when necessarily engaged in attending to the business of the county pertaining to his office under the direction of the board, and when necessary to travel on official business out of his county, in addition to his compensation and mileage as aforesaid, any other reasonable and necessary expenses actually paid in the discharge of his official duty.

The question involved is to be determined by construction of the section above referred to. I quote so much of the section as is pertinent to this case. "Each county commissioner shall be allowed three dollars for each day that he is employed in his official duties, and five cents per mile for his necessary travel, for each regular or called session, not exceeding one session each month, or twelve in any one year, and five cents per mile when traveling within their respective counties on official business, to be paid out of the county treasury on the warrant of the county auditor, * * *. Each commissioner in all other counties (which includes Morrow county) * * *, for his services, when necessarily engaged in attending to the business of the county pertaining to his office under the direction of the board, and when necessary to travel on official business out of his county, shall be allowed in addition to his compensation and mileage as hereinbefore provided, any other reasonable and necessary expenses actually paid in the discharge of his official duty, and each commissioner shall present an itemized statement of his account for per diem, mileage, services and expenses as aforesaid, which before it is allowed by a full board shall be certified to by the prosecuting attorney of the county, and approved by the probate judge thereof."

Plaintiff in error's contention is that in addition to three dollars per day and five cents per mile for necessary travel, he is entitled to compensation for necessary expenses incurred by him, such as board, horse feed and other necessary personal expenses while in the discharge of his official duties.

For services for every day that he is engaged in his official duty, either in or of his county, he should be allowed three dollars per day and five cents per mile for necessary travel; but for expenses when employed within his county on official business, no compensation is expressly provided for, excepting his per diem and mileage. Is he by implication entitled to an allowance for expenses, and other necessary personal expenses incurred while in the discharge of his official duty, while employed within his county? This is the first question presented by the contention of plaintiff in error.

It is not claimed that sec. 897, Rev. Stat., in express terms, provides for such expenses, and in the absence of such provision can he get an allowance therefor by implication? We think not.

In Debolt v. Trustees, 7 Ohio St., 237-239, it is held that: "Fees are not allowed upon an implication."

To warrant the payment of fees or compensation to an officer, out of the county treasury, it must appear that such payment is authorized by statute. Clark v. Commissioners 58 Ohio St., 107. In this case Burket, J. says: "It is well settled that a public officer is not entitled to receive pay for services out of the public treasury, unless there is

some statute authorizing the same. Services performed for the public, where no provision is made by statute for payment, are regarded as a gratuity, or as being compensated by the fees, privileges and emoluments accruing to such officer in the matters pertaining to his office. Jones v. Commissioners, 57 Ohio St., 189. To warrant payment out of the public treasury, it must appear that such payment is authorized by statute. Section 5, article 10, of the constitution. Debolt v. Trustees 7 Ohio St., 237; Strawn v. Commissioners, 47 Ohio St., 404.''

As no express provision is made for the payment to a commissioner for such expenses, as board, horse feed, etc., in sec. 897, Rev. Stat., the plaintiff in error cannot receive pay from the county for such expenses. Fees allowed to public officers are matters of strict law, depending upon the very provisions of the statute. They are not open to equitable construction by the courts, nor to any discretionary action on the part of the officials. When attending to official business under the direction of the board, out of his county, the plaintiff in error should be allowed for his services three dollars per day, and five cents per mile for travel, and in addition to the *per diem* and mileage, he is entitled to any other reasonable and necessary expenses actually paid, in the discharge of his official duty.

But to entitle the commissioner to these expenses not covered by his compensation and mileage, while on business out of his county, such expenses must be expenses actually paid in the discharge of his official duty. If the statute read, ''other reasonable and necessary expenses actually paid while in the discharge of his official duty,'' there would be more reason for the contention that he should have, in addition to his compensation and mileage, when attending to business out of his county, his board, lodging and other like personal expenses.

The term mileage has a well defined legal meaning. It usually signifies, compensation allowed by law to officers for their trouble and expenses in traveling on public business. Bouvier's Law Dictionary, Vol. 2, p., 409.

The allowance of mileage to officers, when traveling on public business, is fixed at an arbitrary sum, not only on account of the difficulty of auditing the small items which constitute the bulk of traveling expenses, but for the reason, officers travel in different styles; and expenses which in one case might seem entirely reasonable, in another might be deemed unreasonable. There are different standards of traveling as of living, and while the mileage in one case may more than cover the actual expenses, in another it may fall short of it. The object of the statute is to fix a certain allowance, and the officer may make a saving or not out of it as he chooses. It is much like the arbitrary allowance for the attendance of witnesses and jurors, which may or may not be sufficient to pay their actual expenses, depending altogether upon the style in which they choose to live.

The legislature has fixed the mileage that commissioners are entitled to receive at five cents per mile; and if they are out of the county, in attending to the business of the county, they are entitled to mileage, five cents per mile, for their necessary travel, together with their *per diem* while in the discharge of official duty.

Suppose a commissioner goes out of his county on official business, and it becomes necessary, in connection with the business, that he pay a bill for drayage, or some manual labor, or, it may be, he is compelled to get legal advice concerning the business in hand, and he pays for the

same, this would be necessary expenses paid in the discharge of his official duty. The statute must be construed strictly, and unless an item of expense or compensation to the officer is expressly provided for, it cannot be allowed him by implication. In Halpin v. Cincinnati 3 Dec. Re., 58 (2 W. L. G., 386,) Judge Swan, delivering the opinion, says: "That a citizen who takes upon himself the burden of an office, can recover no fees except such as are prescribed by law or ordinance * * * there are no implied obligations at common law to pay. Fees are a subject of legislative discretion entirely."

Counsel for plaintiff in error has carefully reviewed the various changes and amendments, which the section of the statute under consideration has undergone since its first enactment, with a view of securing, if possible, a construction of the section as it now stands, justifying his contention. We have considered these changes, and find nothing in the repealed sections to effect the ordinary construction to be placed on the section in its present form. The section in its present form does not expressly provide for expenses, such as board, horse feed, horse shoeing and other like incidental expenses incurred or paid by a commissioner while in the discharge of his official duty, and not being expressly provided for, they cannot be legally paid out of the public treasury. Such expenses may be necessary, rendered so by the personal needs and demands of the officer, yet they are not, as we view the law, necessary in the discharge of his official duty, and are not authorized by the statute.

The judgment of the common pleas court is affirmed with a modification as to one item of mileage while traveling out of his county. The plaintiff in error is entitled to this item of mileage, and with such modification the judgment is affirmed.

*J. W. Barry*, for plaintiff.
*C. H. Wood*, for defendant.